UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MARICUSA CIRINO,** | ) | |
| Plaintiff, | ) | C. A. No.: |
| | ) | |
| v | ) | **COMPLAINT AND DEMAND FOR** |
| | ) | **JURY TRIAL** |
| **IC SYSTEM,** | ) | |
| Defendant. | ) | **(Unlawful Debt Collections Practices)** |
| | ) | |
| | ) | |
| | ) | |

## COMPLAINT

MARICUSA CIRINO ("Plaintiff"), by and through her attorney, ANGELA K. TROCCOLI, ESQUIRE and Kimmel & Silverman, PC, alleges the following against IC SYSTEM ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court's jurisdiction arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this Court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of Connecticut, therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

5. Plaintiff is a natural person residing in West Haven, Connecticut 06516.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See §1692 (k)(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a corporation with its principal place of business located at 444 Highway 96 East, St. Paul, Minnesota 55164.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Beginning in or around June 2016 and continuing through January 2017, Defendant placed repeated harassing telephone calls to Plaintiff's cellular telephone.

12. Defendant has been contacting Plaintiff regarding her son, Joseph Pinet, who does not reside with Plaintiff.

13. Defendant's collectors called Plaintiff from telephone numbers including, but not limited to: (816) 759-8195 and (307) 316-7474. The undersigned has confirmed that this number belongs to Defendant.

14. Shortly after these repeated calls began, Plaintiff spoke to Defendant's collectors, informed them that it was calling a wrong number, and requested that their calls stop immediately.

15. Defendant heard and acknowledged Plaintiff's request to stop calling by responding that they would take Plaintiff's number out of their system.

16. Despite Defendant's assurance to Plaintiff that its calls would stop, Defendant failed to restrict calls to Plaintiff's cellular telephone and continued to call Plaintiff through January 2017.

17. Plaintiff repeatedly told Defendant they were calling a wrong number and requested their calls stop.

18. Once Defendant knew its calls were unwanted, there was no purpose for these continued calls other than harassment.

19. These calls were annoying and aggravating for Plaintiff. As such, Plaintiff took measures to block Defendant's phone number after her requests to stop calling were ignored by Defendant.

## COUNT I
## <u>DEFENDANT VIOLATED §§ 1692d and d(5) OF THE FDCPA</u>

20. A debt collector violates §1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

21. A debt collector violates §1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

22. Defendant violated these sections when it placed repeated and continuous harassing telephone calls to Plaintiff, and continued to call her despite Plaintiff's clear instruction that Defendant was calling a wrong phone number and requests to stop calling.

## COUNT II
**DEFENDANT VIOLATED §§ 1692e and e(10) OF THE FDCPA**

23. A debt collector violates §1692e by engaging in the use of false, deceptive or misleading representations or means in connection with the collection of any debt.

24. A debt collector violates §1692e(10) by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

25. Defendant violated these sections when it was attempting to collect a debt knowing that the alleged debt did not belong to Plaintiff.

## COUNT III
**DEFENDANT VIOLATED §§ 1692f OF THE FDCPA**

26. A debt collector violates §1692f by engaging in the unfair or unconscionable means to collect or attempt to collect any debt.

27. Defendant violated this section when it failed to update its records to cease collection calls to Plaintiff's cellular telephone after she told them to stop calling.

WHEREFORE, Plaintiff, MARICUSA CIRINO, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

    d.    Any other relief deemed fair and proper by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MARICUSA CIRINO, demands a jury trial in this case.

    Respectfully submitted,

    MARICUSA CIRINO
    By her Attorney,

Dated: May 26, 2017    */s/ Angela K. Troccoli*
    Angela K. Troccoli, Esquire, Id# ct28597
    Kimmel & Silverman, PC
    *The New England Office*
    136 Main Street, Suite 301
    Danielson, CT 06239
    (860) 866-4380- direct dial
    (860) 263-0919- facsimile
    atroccoli@creditlaw.com